## PROVIDENCE ASSISTING ASSOCIATION *vs.* CITIZENS SAVINGS BANK *et als.*

A bank by paying a deposit to one who has no right to receive it renders itself liable to the true owner only where it makes the payment in violation of its own by-laws or is guilty of negligence.

A savings bank required ninety days notice for the withdrawal of deposits. The trustees of a benefit association, under a vote of the association, drew an order on the bank for the payment of $700 to themselves or bearer, and gave it to F., the president of the association, to leave with the bank as notice of withdrawal. In pursuance of an arrangement between F., the bank and W. and A., the bank transferred the $700 to the credit of W. and A., entering the withdrawal in the pass book of the association which was produced by F. W. and A. then advanced to F. $640, the sum agreed upon. F. absconded with the money. The bank, W. and A. acted in good faith.

*Held*, that as the bank had neither violated any of its rules nor been guilty of negligence in the transaction, it was not liable to the association for the amount of the order.

BILL IN EQUITY.   Heard on pleadings and proofs.

*July* 2, 1895.   STINESS, J.   The complainant, a mutual benefit association, had a fund on deposit in the defendant bank in August, 1893, from which it sought to withdraw the sum of seven hundred dollars ; but the bank required a notice of ninety days before withdrawal.   Thereupon the trustees signed a paper as follows :

"PROVIDENCE, R. I., Aug. 13, 1893.
" Citizens Savings Bank, Providence, R. I.

" Pay to our trustees L. Blumenthal, Jacob Fox, and J. Jersky or bearer, Seven hundred and no one-hundredths dollars.

| | |
|---|---|
| (Seal of the association) | "L. BLUMENTHAL |
| " Witness C. J. Fox Sec'y | "JACOB FOX |
| | "JOSEPH JERSKY " |

This paper, which was duly authorized by a vote of the association, was handed to one Finklestein, president of said association, to take to the bank as the notice of withdrawal. Finklestein took the order to the defendant Wilbur, representing that the money could not be drawn within ninety days and that he wanted to realize upon it at once.   Wilbur agreed to let him have six hundred and forty dollars, provided the bank would allow the seven hundred dollars to be transferred to him upon the books of the bank.   They went to the bank and this arrangement was completed.   Finklestein produced the pass book of the association, in which the withdrawal of seven hundred dollars was entered ; he signed a receipt for the same ; the Savings Bank drew a check for the amount, as usual, on the High Street Bank where its funds were deposited, but retained the check as deposited by Wilbur and entered the amount to the credit of Wilbur and Anderson, who together advanced the money, in the pass book which was made out and delivered to Wilbur for himself and Anderson.   Finklestein took the money, $640, from Wilbur and the parties separated.   Finklestein afterwards absconded with the money and the complainant has not received any part of it.   It now asks that the bank be ordered to cancel the entry of withdrawal and that the transfer of the seven

hundred dollars to Wilbur be declared null and void. The complainant's argument is that the deposit was payable only in money, and as no money actually passed from the bank, the order of withdrawal and transfers should be treated as nullities ; that the order was not negotiable and so gave no rights to the purchaser against the equity of the complainant. The bill charges a fraudulent conspiracy between Finklestein, Wilbur and Anderson and a transfer without consideration. These charges are not proved and the bill might be dismissed upon this ground. *Mount Vernon Bank* v. *Stone*, 2 R. I. 129. But as this ground has not been taken and as the case has been argued upon the rights and liabilities of the parties under the facts we will consider it in that light.

The theory of the complainant's case, however, with the element of fraud eliminated, leaves out of account the fact that the transaction was not based upon a purchase and transfer of the order, for the order was not purchased or transferred, but the arrangement was based upon payment in cash, by Wilbur to Finklestein, in good faith, for the transfer of credit to be made and which was made at the bank. It is not necessary, therefore, to consider the negotiability of the order or the rights of a purchaser under it. We must pass upon the transaction as it took place. All parties knew that the money would not, in fact, be paid by the bank until the end of the ninety days, but Wilbur was willing to advance the money, less the amount agreed upon for interest, if the bank would transfer the seven hundred dollars to the credit of himself and Anderson. The bank assented to this, and thereupon Finklestein presented the order to the bank, received the money from Wilbur and the transaction was completed. This amounted to an acceptance of the order payable in ninety days, on the faith of which Wilbur paid his money. As a consideration passed from Wilbur and Anderson, the bank became liable to them upon the acceptance. *Urquhart* v. *Brayton*, 12 R. I. 169 ; *Wood* v. *Moriarty*, 15 R. I. 518. Nothing remained to be done, and what was done cannot now be undone so as to put the parties in the position they were in before.

But even though the bank may have made itself liable to Wilbur and Anderson it does not follow that it may not also be liable to the complainant, and the claim is made that it is so liable because it knew that the fund of the association was in the control of trustees and so the bank had notice of the scope of the trustees' power, which was to draw the money only for the benefit of the association. There are many cases which relate to the liability of a bank for wrong payment, but the principle upon which they all depend is that the bank is liable for its violation of by-law contracts and for its negligence. If it pays out a deposit contrary to its by-laws, or if from negligence it pays to a wrong person, it must pay again to the true owner. But where it pays according to its rules, without negligence, the payment will be good, even though it is made to one who had no right to receive it. Morse on Banking, § 620, and cases cited.

In this case there was no violation of the rules of the bank and we do not think there was negligence on its part. The society voted to withdraw the money, the order was signed by the trustees and attested by the secretary. Granting the rule of duty that the bank was to see that it was drawn for the benefit of the society is a correct one, still it was presented by the president, the executive officer of the society, who had previously made deposits and drawn money on its account. The whole society could not attend the withdrawal, but it was represented by its president. There was nothing to arouse suspicion that he was to embezzle the fund. The bank knew that the society wanted the money at that time for it had tried to draw it. This arrangement was made for the purpose of enabling it to have money at once and it went into the hands of the president. We see nothing in this upon which to impute negligence or improper conduct on the part of the bank. We are, therefore, of opinion that the bank, having accepted an obligation to pay the money to Wilbur and Anderson upon their advance to the complainant's president, upon a duly authorized order, in good faith and without negligence on its part, in the course of a common business transaction, is not liable to the complainant

for the sum covered by the order, and that the bill must be dismissed.

*Charles E. Gorman & James T. Egan,* for the complainant.

*James M. Ripley,* for the respondent Citizens Savings Bank.

*Simon S. Lapham,* for respondents Wilbur and Anderson.